# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) Case No. 2:00CR10101 |
| v. | ) **OPINION** |
| **CLAUDE SLOAN**, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Claude Sloan, Pro Se Defendant.*

The defendant, proceeding pro se, filed a pleading that he styled as "MOTION TO DISMISS FOR LACK OF TERRITORIAL JURISDICTION," ECF No. 90, asserting that his 2001 federal criminal conviction for growing more than 100 marijuana plants is unlawful and must be dismissed.[1] Sloan cites no authority under which I could set aside his conviction on this ground at this time. Therefore, I deny the defendant's motion on the grounds he asserts, construe his submission as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012), and dismiss it as successive.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C.A.

---

[1] Sloan asserts that the government failed to prove he committed his federal offense on property under the control of the federal government.

§ 2255(h). The defendant previously filed a § 2255 motion concerning this same conviction and sentence. *Sloan v. United States*, Case No. 7:03CV00783 (W.D. Va. Apr. 30, 2004), appeal dismissed for failure to prosecute, No. 04-6879 (4th Cir. Sept. 29, 2004). Because the defendant offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice.

A separate Final Order will be entered herewith.

DATED: September 27, 2012

/s/ James P. Jones
United States District Judge